UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**WELLS FARGO BANK, N.A.,**

   Plaintiff,

v.                                    No. 4:24-cv-00098-P

**ELOISE BURRELL, AS TRUSTEE FOR ROOSEVELT BURRELL, JR. TRUST,**

   Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff's Motion for Default Judgment. ECF No. 21. Having considered the Motion and applicable law, the Court determines the Motion should be and hereby is **GRANTED.**

## BACKGROUND

In 2006, Roosevelt Burrell, Jr. executed a Home Equity Note of $64,000 to H&R Block. Concurrently, Mr. Burrell executed a Deed of Trust (the "Security Instrument") granting H&R Block and its successors a security interest in his property. H&R Block then transferred the Note and Security Instrument to Defendant Wells Fargo Bank, N.A. Before passing, Mr. Burrell transferred the property to the trust of his daughter, Eloise. As trustee, Eloise owned the property subject to debts owed to Wells Fargo, but she defaulted in March 2023. Wells Fargo notified Eloise of the default, but she never paid up. Wells Fargo then accelerated collections. When no further payments were received, Wells Fargo sued for declaratory judgment that it owns the Note and is the beneficiary of the Security Instrument.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth the procedure for default judgments. If a defendant doesn't "plead or otherwise defend" against a claim, the Clerk must enter default upon a requisite showing

from the plaintiff. *See* FED. R. CIV. P. 55(a). If a defendant no-showed and damages are readily calculable, the Court may enter default judgment upon timely motion from the plaintiff without a hearing. *See id.* at 55(b). Still, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (cleaned up).

Consistent with Fifth Circuit policy favoring judgments on the merits, default judgments are highly disfavored. *See Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). The default-judgment analysis is three-pronged. *First*, the Court asks if default judgment is procedurally proper. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).[1] *Second*, the Court "assess[e]s the substantive merits of the plaintiff's claim and determine[s] whether there is a sufficient basis in the pleadings for the judgment." *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 498 (5th Cir. 2015) (noting default judgments "must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings" (cleaned up)). *Third*, the Court determines what relief is proper. *See Jackson v. FIE Corp.*, 302 F.3d 515, 524–25 (5th Cir. 2002). In doing so, the Court assumes the plaintiff's uncontested allegations are true, except those regarding damages. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

## ANALYSIS

The Clerk entered Defendant's default on June 18 and Wells Fargo timely moved for default judgment the same day. *See* ECF Nos. 20, 21. But "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default," *Lewis*, 236 F.3d at

---

[1] The Court answers this question with an eye toward six considerations: "(1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the Court would think itself obliged to set aside the default on the defendant's motion." *Id.*

2

767, so the Court must still determine if default judgment is warranted. As explained below, it is.

**A.   Default judgment is procedurally proper.**

Because default judgments are highly disfavored, the Court must ensure Wells Fargo crossed its *t*'s and dotted its *i*'s procedurally. While this may seem like judicial nit-picking, the Fifth Circuit strongly favors judgments on the merits rather than on procedural technicalities like default. *See Sun Bank of Ocala*, 874 F.2d at 276. The Court's analysis is framed by the six *Lindsey* factors. *See* 161 F.3d at 893. As explained below, the *Lindsey* analysis supports default judgment here.

    1.    <u>Material Issues of Fact</u>

Default judgments are improper where material issues of fact remain notwithstanding a defendant's default. *Lindsey*, 161 F.3d at 893; *see also id.* at 895 (considering only "purely factual material relating to the merits of the [claim]" (cleaned up)). No such issues exist here. As explained below, Burrell's default means the Court must assume the truth of Wells Fargo's allegations (save those relating to damages). To prevail on its foreclosure claim, Wells Fargo must show: (1) a debt exists, (2) the debt is secured by a lien created under Texas law, (3) the borrower is in default, and (4) the borrower has been properly served with notice of default and acceleration. *Singleton v. United States Bank N.A.*, No. 4:15-CV-100-A, 2016 U.S. Dist. LEXIS 53019, at *20 (N.D. Tex. Apr. 20, 2016) (citing *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013)). Wells Fargo has met these requirements by attaching proof of each in their briefing. *See* ECF No. 8-1.

*First*, Wells Fargo provides proof of the original Note and Security Instrument that Mr. Burrell signed as well as documentation showing that Defendant is the trustee of both. *See* ECF No. 8-1 at 2—18. *Second*, the Security Instrument states that the "Lender shall have a fully enforceable lien on the property," and is in accordance with relevant Texas law. ECF No. 8-1 at 13. *Finally*, the Complaint alleges that the default occurred on March 1, 2023, and it contains both the default and acceleration notices as exhibits. *See* ECF No. 8-1 at 27—35.

3

By showing proof of the debt, lien, default, and notices, Wells Fargo eliminated any remaining factual issues that would preclude default judgement, satisfying the first *Lindsey* factor. *See* 161 F.3d at 893.

### 2. Substantial Prejudice

Default judgments are also improper if they would substantially prejudice a litigant's rights. *See Lindsey*, 161 F.3d at 893. Here, Burrell's refusal to engage in the litigation process substantially prejudiced Wells Fargo's rights. Wells Fargo filed its Amended Complaint on February 22 and served Burrell on March 1. *See* ECF No. 21. Wells Fargo has thus been precluded from recovering their loan for months. Needless to say, needless delay is substantially prejudicial. *See Sun Bank of Ocala*, 874 F.2d at 276–77. On the flip side, nothing indicates Burrell would be unfairly prejudiced by a default judgment considering she eschewed all previous opportunities to contest the allegations against her. Accordingly, this factor also supports default judgment.

### 3. Clearly Established Grounds for Default

Default judgments can only stand on bedrock; a foundation of sand will not suffice. Because default judgments are "resorted to by courts only in extreme situations," the slightest uncertainty as to the grounds for default will defeat judgment. *See Sun Bank of Ocala*, 874 F.2d at 276. But Wells Fargo has clearly established all grounds for default through its pleadings and attached evidence. ECF No. 21 at 3—5. Because the grounds of Burrell's default are clear, this factor also supports default judgment.

### 4. Good Faith Mistake & Excusable Neglect / Harshness

While initially articulated as distinct, *Lindsey*'s "good faith mistake and excusable neglect" prong is inextricably intertwined with the "harshness" prong. All judgments are harsh for the losing party— default judgments even more so. But if the defaulting party defaulted because of a "good faith mistake" or "excusable neglect," a default judgment may be too harsh. *See CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992) (collecting cases to show examples of "excusable" neglect). Here, the record is devoid of any evidence suggesting "excusable neglect" caused Burrell's default. Burrell was

served with notice of default, acceleration, and process (ECF No. 12) and had every opportunity to contest Wells Fargo's claims. She failed to do so.

Whatever "excusable" neglect may mean, it doesn't mean outright refusal to litigate a case. Indeed, the Fifth Circuit has clarified that neglect isn't excusable where there's a "clear record of delay or contumacious conduct." *Sun Bank of Ocala*, 874 F.2d at 277. And that's what Burrell has been by making no efforts to try this case despite Wells Fargo doing everything proper to initiate the proceeding. The Court doesn't know why Burrell refused to litigate the case because she hasn't entered an appearance or otherwise contacted the Court. As such, this factor also supports default judgment.

### 5. The Court's Obligation to Set Aside Default Judgment

The final consideration under *Lindsey* asks, "whether the court would think itself obliged to set aside the default on the defendant's motion." *See* 161 F.3d at 893. This is inherently subjective, as one court may "think" something different from another under the circumstances of a given case. In any event, considering every other factor from *Lindsey* favors default judgment, the Court would be disinclined to change its mind if Burrell moved for reconsideration. Accordingly, default judgment is procedurally proper under the *Lindsey* factors.

### B. Default judgment is substantively proper.

Default judgments must be warranted procedurally and substantively. *See Nishimatsu*, 515 F.2d at 1206. Having addressed procedural propriety, the Court now turns to the substantive merits of Wells Fargo's claims. Even accepting the Complaint's uncontested allegations as true, the Court must scrutinize the pleadings to determine if default judgment is warranted. As discussed in the Court's analysis of the first *Lindsey* factor, Wells Fargo establishes its right to foreclose the property. *See supra*, pp. 3—4. Wells Fargo's claim is straightforward: Defendant defaulted on payment, so, as holder of the loan, Wells Fargo has authority to foreclose on the property. *See* ECF No. 21. The documentation provided by Wells Fargo establishes the debt, the lien, the default, and the notice of both the default and the debt

5

acceleration. Thus, the only thing remaining for judicial determination is the appropriate remedy for Wells Fargo's claim. *See Freeman*, 605 F.2d at 857.

### C. Wells Fargo is entitled to a declaration that it can enforce the Security Instrument.

As noted, Wells Fargo seeks declaratory judgment that it owns the Note and is the beneficiary of the Security Instrument, thus entitling it to enforce the Security Instrument via non-judicial foreclosure. *See* ECF No. 21 at 3. Wells Fargo also asks the Court to declare it a "mortgagee" as defined by Texas Property Code § 51.0001(4). *See id.*

The pleadings and attached evidence establish that Wells Fargo owns the Note and is the beneficiary of the Security Instrument. *See* ECF No. 8-1. Documentation shows H&R Block Mortgage Corporation was the original lender in the Note and Security Instrument with Mr. Burrell. *Id.* Documentation also shows that the Note and Security Instrument were transferred to Option One Mortgage Company, who then transferred them to Wells Fargo. *Id.* Such evidence validates Wells Fargo's right to both the Note and the Security Instrument. In Texas, a "mortgagee" is "[] the grantee, beneficiary, owner, or holder of a security instrument. . . ." TEX. PROP. CODE ANN. § 51.0001(4). Accordingly, Wells Fargo can properly be deemed a "mortgagee" of the relevant property.

As owner of the Note and beneficiary of the Security Instrument, Wells Fargo may enforce the Security Instrument's power-of-sale clause, which grants the lender the "most expeditious means of foreclosure by law" upon a failure to resolve default after notice. ECF No. 8-1 at 13. Here, that's a non-judicial foreclosure. *See Broadway Nat'l Bank v. Yates Energy Corp.*, 631 S.W.3d 16, 29 (Tex. 2021); *Thurman v. FDIC*, 889 F.2d 1441, 1445 (5th Cir. 1989). Section 51.002 of the Texas Property Code clarifies the requirements for sale of a property under a lien. As long as Wells Fargo's foreclosure accords with Section 51.002, the Court sees no impediment to Wells Fargo's right to enforce non-judicial foreclosure of the property in dispute.

For these reasons, the Court **GRANTS** Wells Fargo's request for declaratory judgment.

## CONCLUSION

For the above reasons, the Court finds default judgment appropriate in this action. Accordingly, the Court **GRANTS** Wells Fargo's Motion for Default Judgment (ECF No. 21) and **ENTERS** default judgment in Wells Fargo's favor. In doing so, the Court also **GRANTS** Wells Fargo's request for declaratory relief as discussed herein.[2]

**SO ORDERED** on this **11th day** of **July 2024.**

_____
**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

---

[2]Wells Fargo's Motion notes that proper calculation of court costs and reasonable attorneys' fees can be facilitated by subsequent motion practice. *See* ECF No. 21 at 5. Accordingly, the Court **ORDERS** Wells Fargo to file a motion for fees and costs, accompanied by appropriate verifying evidence, **on or before July 17, 2024**.

7